44359. HAND v. WALLS, by Next Friend.

JORDAN, Presiding Judge. This is a personal injury action. The plaintiff was assisting another in starting a truck parked on the east shoulder of a two-lane public highway, and the left edge of the vehicle was approximately two feet from the edge of the pavement. Another vehicle was parked on the opposite shoulder in a similar manner. The paved portion is about 20½ feet wide, and the shoulders are about nine feet wide. The highway is straight, and visibility conditions were excellent. The plaintiff had been standing on the front bumper of the truck, with the hood raised, in order to choke the engine manually, and after the engine started he lowered the hood. The defendant was driving a passenger automobile headed north, very close to the edge of the pavement, at a speed between 15 and 45 m.p.h., as estimated by various witnesses. Just as the plaintiff moved from the front of the truck he observed another vehicle on the highway headed south, and apparently just as he turned to look to the south the right edge of defendant's vehicle struck his left leg. The evidence is conflicting as to the plaintiff's exact movements and position. He either stepped to the ground and moved towards the pavement, or jumped from the bumper towards the edge of the pavement. At the time of impact the right wheels of the defendant's vehicle were on the pavement. The jury found for the plaintiff, and the defendant appeals, asserting error on the overruling of a motion for a directed verdict, and on the verdict and judgment as unsupported by the evidence. *Held:*

The contentions of the defendant are without merit. No basis appears for exonerating the defendant as a matter of law and the court properly refused to direct a verdict in his favor. The evidence discloses a classic case for jury resolution of the issues of negligence and proximate cause, including a consid-

eration of assumption of risk, whether the plaintiff was negligent in failing to exercise ordinary care for his own safety, whether the defendant was negligent, and whether the negligence of the defendant, if any, exceeded that of the plaintiff, if any, in causing the plaintiff's injuries. The jury having found adversely to the defendant, and no error of law appearing for any reason argued and insisted upon, the verdict and judgment will not be disturbed.

*Judgment affirmed. Hall, J., concurs. Whitman, J., concurs in the judgment.*

ARGUED APRIL 8, 1969—DECIDED SEPTEMBER 3, 1969—
REHEARING DENIED SEPTEMBER 22, 1969—

*Sharpe, Sharpe, Hartley & Newton, W. Ward Newton,* for appellant.

*Highsmith & Knox, Gordon Knox, Jr.,* for appellee.